# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 00-32V
Filed: July 15, 2015

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
DAVY B. WILDMAN and MARY L.           *
WILDMAN, natural guardians of         *
N.B.W., a minor,                      *
                                      *   Interim Fees and Costs
          Petitioners,                *
                                      *
 v.                                   *
                                      *
SECRETARY OF THE DEPARTMENT           *
OF HEALTH AND HUMAN SERVICES,         *
                                      *
          Respondent.                 *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

Davy B. Wildman and Mary L. Wildman, Evans City, PA, pro se.
Justine E. Walters, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.


### DECISION AWARDING INTERIM COSTS[1]

**Vowell,** Chief Special Master:

      On January 21, 2000, Davy B. Wildman and Mary L. Wildman ["petitioners"] filed a petition for compensation in the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ["Vaccine Act" or "Program"],[3] on behalf of their minor son, N.B.W. The petition alleged that N.B.W. suffered from autism spectrum disorder

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction of medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

caused by the measles, mumps, and rubella vaccine he received on January 27, 1997. Petition at ¶¶ 3, 6.  The information contained in the record, however, did not demonstrate entitlement to an award under the Program.  On December 29, 2014, petitioners moved for a decision dismissing their petition.  I issued a dismissal decision on December 31, 2014.  Judgment entered on February 2, 2015.

On June 1, 2015, petitioners filed a request for reimbursement of their litigation costs.  They requested a total sum of $10,223.53 for costs they incurred during the prosecution of their son's claim.  Their costs included a filing fee ($120.00), a fee for autism proceedings ($500.00), certified mailings to the U.S. Court of Federal Claims and the U.S. Department of Justice ($304.80), document copying expenses ($498.34), expenses to obtain medical records ($98.01), travel expenses associated with filing documents in person at the U.S. Court of Federal Claims in 2015 ($1,199.19), and travel expenses associated with attending the Omnibus Autism Proceedings in 2007 ($7,503.19).  Petitioners' Request for Fees ["Pet. Fee Request"] at 2.  Petitioners included receipts and other documentation of their expenditures.

Respondent filed her Response to petitioners' Request on June 17, 2015. Respondent noted her objections to three of the line items listed in petitioners' Request, but did not dispute the remainder of petitioners' costs.  Respondent's Response ["Response"] at 2-3.  Specifically, respondent objected to the reimbursement of the $500.00 "Fee for Autism Proceedings"; the reimbursement of $1,199.19 for travel expenses related to filing petitioners' election in person in February 2015; and the reimbursement of $29.80 for alcoholic beverages consumed with meals while petitioners attended the OAP hearing in June 2007.  Response at 2-3.  Respondent requests that petitioners' reimbursement be reduced by $1,728.99, for a total of $8,494.54.

On July 1, 2015, petitioners filed their Reply to respondent's Response ["Pet. Reply"], clarifying some of the line items to which respondent had objected.  They explained that the $500.00 "Fee for Autism Proceedings" was paid to Philip P. Lope, who was their attorney at the time.  Pet. Reply at 1.  Petitioners also explained that their February 2015 trip to Washington, D.C. included meeting with attorneys Peter Meyers and Renee Gentry to discuss their case and how to preserve their rights.  Pet. Reply at 1.  With regard to the third line item to which respondent objected, petitioners stated that they mistakenly included alcoholic beverages when totaling their costs associated with the OAP hearing.  Pet. Reply at 1.  Therefore, the only line items in contention are the $1,199.19 in travel expenses and the $500.00 "fee for autism proceeding."  I will address each in turn.

### 1. $1,199.19 for February 2015 Travel Expenses

Though neither attorney entered an appearance on the record in this case, I am aware that petitioners consulted with Peter Meyers and Renee Gentry and that their assistance helped bring this case to a close.  Travel costs associated with client counseling are unquestionably reimbursable when requested by attorneys, and I see no

reason why petitioners should not be reimbursed for the expenses they incurred while consulting with Mr. Meyers and Ms. Gentry.

**2. $500.00 "Fee for Autism Proceeding"**

In her objection to the reimbursement of the $500.00 fee, respondent stated that the funds in question may have been paid to the Petitioners' Steering Committee (PSC), a group of attorneys tasked with obtaining and presenting evidence on behalf of petitioners in the OAP, in which case those fees were awarded to the PSC in *King v. Sec'y, HHS,* No. 03-584V, 2010 WL 5644667 (Fed. Cl. Spec. Mstr. Jan. 7, 2010). *See* Response at 2.[4] I ordered respondent to demonstrate that the $500.00 in question was included in the fees award decision she cited. Order, filed July 2, 2015, at 2. In her Response to my Order, respondent explained that no one, save for Mr. Lope, knows for what purpose the $500.00 fee was used or if the funds have already been paid and are in escrow. Response to Order at 1-2. Respondent suggested that contacting Mr. Lope would resolve the situation. As I noted in my Order of July 2, 2015, since judgment in this case did not enter until February 2, 2015, Mr. Lope has until Monday, August 3, 2015, to file a timely motion for attorney's fees. Order, filed July 2, 2015, at 2.

Respondent agrees that petitioners should be reimbursed the $500.00 fee if it "was reasonably spent on proceedings in their petition, but unfortunately, Mr. Lope has not provided that explanation to petitioners or to the Court." Response to Order at 2. Given that the $500.00 fee represents a comparatively small portion of petitioners' reimbursable expenses, and that the issue would most efficiently be resolved with a statement or motion for fees from Mr. Lope, I will award petitioners interim fees for the remainder of their expenses. They may, if they so choose, contact Mr. Lope and have him either submit a statement explaining how the $500.00 fee was used or file a motion for attorney's fees.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for interim fees and costs is appropriate. Further, the amount requested by petitioners seems reasonable and appropriate. **Accordingly, I hereby award the total $9,693.73[5] as follows:**

> **In the form of a check payable to either petitioner Davy B. Wildman or petitioner Mary L. Wildman, in the amount of $9,693.73.**

---

[4] As I explained in my July 2, 2015 Order, this assertion seems to be inaccurate—the decision respondent cited appears to be related to expert witness costs. I am still not persuaded that the PSC was reimbursed in the decision cited.

[5] This sum represents the total amount requested by petitioners, minus $29.80 for reimbursable expenses and the $500.00 fee they paid their attorney. Petitioners are entitled to be reimbursed for that fee by either the trust fund or their attorney, but I have elected to award interim fees so that the remainder of petitioners' reimbursement is not delayed any further.

3

The clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).