# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

No. 00-32V
Filed: August 14, 2015

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| DAVY B. WILDMAN and MARY L. WILDMAN, natural guardians of N.B.W., a minor, | * * * |
| | * |
| Petitioners, | * Final Fees and Costs |
| | * |
| v. | * |
| | * |
| SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, | * * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

Davy B. Wildman and Mary L. Wildman, Evans City, PA, pro se.
Justine E. Walters, Esq., U.S. Dept. of Justice, Washington, DC, for respondent.

## DECISION AWARDING FINAL COSTS[1]

**Vowell,** Chief Special Master:

On January 21, 2000, Davy B. Wildman and Mary L. Wildman ["petitioners"] filed a petition for compensation in the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ["Vaccine Act" or "Program"],[3] on behalf of their minor son, N.B.W. The petition alleged that N.B.W. suffered from autism spectrum disorder

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction of medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. § 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

caused by the measles, mumps, and rubella vaccine he received on January 27, 1997. Petition at ¶¶ 3, 6. The information contained in the record, however, did not demonstrate entitlement to an award under the Program. On December 29, 2014, petitioners moved for a decision dismissing their petition. I issued a dismissal decision on December 31, 2014. Judgment entered on February 2, 2015.

On June 1, 2015, petitioners filed a request for reimbursement of their litigation costs. They requested a total sum of $10,223.53 for costs they incurred during the prosecution of their son's claim, which included a filing fee ($120.00), a fee for autism proceedings ($500.00), certified mailings to the U.S. Court of Federal Claims and the U.S. Department of Justice ($304.80), document copying expenses ($498.34), expenses to obtain medical records ($98.01), travel expenses associated with filing documents in person at the U.S. Court of Federal Claims in 2015 ($1,199.19), and travel expenses associated with attending the Omnibus Autism Proceedings in 2007 ($7,503.19). Petitioners' Request for Fees ["Pet. Fee Request"] at 2. Petitioners included receipts and other documentation of their expenditures.

Respondent filed her Response to petitioners' Request on June 17, 2015. Respondent noted her objections to three of the line items listed in petitioners' Request, but did not dispute the remainder of petitioners' costs. Respondent's Response ["Response"] at 2-3. Specifically, respondent objected to the reimbursement of the $500.00 "Fee for Autism Proceedings"; the reimbursement of $1,199.19 for travel expenses related to filing petitioners' election in person in February 2015; and the reimbursement of $29.80 for alcoholic beverages consumed with meals while petitioners attended the OAP hearing in June 2007. Response at 2-3. Respondent requested that petitioners' reimbursement be reduced by $1,728.99, for a total of $8,494.54.

On July 1, 2015, petitioners filed their Reply to respondent's Response ["Pet. Reply"], clarifying some of the line items to which respondent had objected. They explained that the $500.00 "Fee for Autism Proceedings" was paid to Philip P. Lope, who was their attorney at the time. Pet. Reply at 1. Petitioners also explained that their February 2015 trip to Washington, D.C. included meeting with attorneys Peter Meyers and Renee Gentry to discuss their case and how to preserve their rights. Pet. Reply at 1. Finally, petitioners stated that they mistakenly included alcoholic beverages when totaling their costs associated with the OAP hearing. Pet. Reply at 1. Thus, the total amount requested by petitioners for expenses incurred during the pendency of this case was reduced to $10,193.73.

On July 15, 2015, I filed a Decision Awarding Interim Costs to petitioners. The total amount awarded, $9,693.73, represented the entirety of petitioners' reimbursable expenses except for the $500.00 fee paid to their attorney, Mr. Lope. Decision Awarding Interim Costs, issued July 15, 2015, at 2. In my Decision, I noted that "[p]etitioners are entitled to be reimbursed for that fee by either the trust fund or their attorney," but elected to award petitioners interim fees so that the remainder of their reimbursement was not delayed any further. *Id.* at 3, n.5. Given that, as respondent

observed, Mr. Lope was best situated to explain the use of the $500.00 fee, I informed petitioners that they could have Mr. Lope submit a statement or file a motion for attorney's fees. *Id.* at 3. As judgment in this case entered on February 2, 2015, Mr. Lope had until August 3, 2015, to file a timely motion for attorney's fees.

Mr. Lope did not make a motion for attorney's fees. Petitioners are unquestionably entitled to be reimbursed for the $500.00 that they paid to him. As Mr. Lope is now barred from filing to recover that fee himself, I will award that amount to petitioners.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate. Further, the amount requested by petitioners seems reasonable and appropriate. **Accordingly, I hereby award the total $500.00[4] as follows:**

> **In the form of a check payable to either petitioner Davy B. Wildman or petitioner Mary L. Wildman, in the amount of $500.00.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Denise K. Vowell</u>
**Denise K. Vowell**
Chief Special Master

---

[4] This sum, in addition to the $9,693.73 that I awarded to petitioners in my July 15, 2015 Decision, represents the total reimbursable expenses incurred by petitioners in this case.

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).